IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 17-cv-02453-RM-SKC

LARRY HOOVER,

    Plaintiff,

v.

KELLY, ADX SIS Tech.,
D. BILBREY, ADX SIS Tech.,
WARDEN FOX, ADX, and
BUREAU OF PRISONS,

    Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE
MOTION FOR LEAVE TO AMEND COMPLAINT [#61]**

---

This order addresses Plaintiff's Motion for Leave to Amend Complaint [#61] ("Motion").[1] District Judge Raymond P. Moore referred the Motion to this Court. [#62.] The Court reviewed the Motion and all related briefing. No hearing is necessary. For the following reasons, the Court DENIES the Motion, without prejudice.

**A. BACKGROUND & PROCEDURAL HISTORY**

Plaintiff Larry Hoover ("Hoover") is incarcerated at the Bureau of Prison's ("BOP") Administrative Maximum facility in Florence, Colorado ("ADX"). [*See generally* #19.] He filed the operative complaint, the Second Amended Complaint ("SAC"), on April 20, 2018. [#19.] Claims One and Two of the SAC challenge two restrictions placed on his

---

[1] The Court uses "[#__ ]" to refer to entries in the CM/ECF Court filing system.

communications in October 2015 and May 2016, respectively. [*See generally id.*] Hoover now seeks to amend the SAC to make additional allegations in support of these claims. [*See generally* #61.]

## B. DISCUSSION

Hoover was proceeding *pro se* during the briefing of the Motion. Thus, the Court liberally construes his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The deadline for joinder of parties and amendment of pleadings set by the Scheduling Order was January 17, 2019. [#40 at pp.6-7.] The Motion is untimely because Hoover filed it 81 days past the deadline, on April 8, 2019. [*See* #61; #40 at pp. 6-7.] "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded" without peril. *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995). Accordingly, where a party seeks to amend their pleadings after the deadline established by the scheduling order, "the majority of courts have held that a party must meet the two-part test of first showing good cause to amend the scheduling order under Rule 16(b), and then showing that amendment would be allowed under rule 15(a)." *Bauer v. Crete Carriers Corp.*, No. 1:18-CV-01536-PAB-SKC, 2019 WL 7290939, at *3 (D. Colo. Nov. 1, 2019).

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). This "good cause" requirement reflects the important role a scheduling order plays in the court's

management of its docket. *Cf. Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000). The "good cause" standard requires the moving party to show that despite their <u>diligent efforts</u>, they could not have reasonably met the scheduled deadline. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (emphasis added). The "good cause" standard under Rule 16(b) "is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)).

Neither Party argued the threshold issue of good cause. [*See generally* #61, #64, #70.] Even construing the Motion liberally, Hoover merely argues that amendment is appropriate, in part, because it would not prejudice Defendants and that "amendment will give more factual basis for claims one and two to be heard on the merits." [*See* #61 at p. 2.] But neither this nor any other arguments in the Motion address the issue of Hoover's diligent efforts to meet the January 19, 2019 deadline for amending pleadings. [*See* #40 at p. 10.] Likewise, Defendants have not argued a lack of diligence on Hoover's part.

Generally, courts deny motions when a party fails to carry their burden. *Cf. Bauer*, 2019 WL 7290939, at *3. However, under the circumstances presented, which include Hoover now being represented by counsel, the Court concludes that denying the Motion, without prejudice, is more consonant with Rule 1. *See* Fed. R. Civ. P. 1.

## C. CONCLUSION

Based on the above, IT IS ORDERED that the Motion [#61] is DENIED without prejudice. IT IS FURTHER ORDERED that Plaintiff is granted leave to refile a Motion to Amend, if necessary, consistent with this Order.

DATED: March 8, 2020.

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge